UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   Criminal No. 13-79 ADM/AJB

  Plaintiff,

v.   **REPORT AND RECOMMENDATION**

TERRENCE TERRELL MATHEWS,

  Defendant.

   Julie E. Allyn, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

   Katherian D. Roe, Esq., Federal Defender, for the defendant, Terrence Terrell Mathews.

   This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on June 3, 2013, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The court issued an Order on Motions dated June 27, 2013, reserving defendant Terrence Terrell Mathews' motion to suppress statements [Docket No. 20] and motion to suppress search and seizure evidence [Docket No. 21] for submission to the district court on report and recommendation. The court also issued an Order on June 27, 2013, setting a schedule for written argument on the suppression motions [Docket No. 28]. Defendant thereafter filed and served a motion for hearing under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978), seeking an evidentiary hearing in regards to the affidavit in support of a search warrant that was the subject of the motion to suppress search and seizure evidence. The court did not thereafter expressly grant the motion for a Franks hearing, but did schedule further hearing to allow presentation of

evidence that might assist the court in determining whether a Franks hearing should be held.[1]

Based upon the file and documents contained therein, along with witness testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

**Apartment Search Warrant.**  On February 25, 2013, Hennepin County District Court Judge Lloyd Zimmerman issued a warrant to search a particularly identified apartment unit and assigned garages and storage areas in Brooklyn Park, Minnesota (Gov't Hrg. Ex. 2). The location is further described in the supporting affidavit as the residence of Terrence Terrell Mathews. The search warrant identified the objects of the warrant as controlled substances, including heroin; drug packaging materials and equipment; computers and peripherals; documents; communications devices; electronic data storage devices and authority to examine such devices; money; papers showing constructive possession of seized items; and firearms.

The warrant was issued on the basis of probable cause evidence contained in the Affidavit of Brooklyn Park Police Officer Andrew Suerth, including information provided by a confidential informant, records and criminal history investigation, police observation, and canine sniff search.  The warrant authorized nighttime search and unannounced entry based upon Mathews' history of firearms possession and assault.

The designated apartment unit to be searched is located in a three-story, U-shaped

---

[1] In essence, it initially appeared to the court that the search warrant issues involved credibility concerns that might be more appropriately considered on the basis of live testimony as opposed to affidavit evidence only, primarily in light of circumstances relating to identification of a confidential informant referenced in the search warrant affidavit.  Due to the immediate availability of pertinent witnesses the court liberally permitted testimony regarding purported Franks issues.  The court has ultimately determined that the testimony presented at the hearing is not critical to a determination as to the lawfulness of the search warrant.

complex containing more than 100 living units.  There are multiple building entrances which allow access to all unit hallway entrance doors in the building complex.  The building is generally secured, though exterior doors are frequently propped open or locks are jammed.  Police activity at the complex is quite frequent and police often find exterior doors unlocked.  In addition, police have universal key access to a firebox which in turn contains an building access key if needed.  The apartment complex is corporate owned, and building management permits and encourages police use of the firebox key and a visible police presence at the complex.  The warrant application states that in January 2013, Brooklyn Park Police Officer Ploumen used a USPCA certified narcotics detector canine, "Ozzy," to conduct a narcotics canine sniff in the common hallway area outside the designated search unit, and the sniff resulted in a positive indication for the odor of narcotics.  The warrant application further states that Officer Ploumen and "Ozzy" performed a second narcotic sniff at the designated apartment unit within 72 hours prior to the warrant application.  The canine was brought to four apartments in the area of the designated unit and gave a positive indication for narcotics at the door of the designated apartment, but did not give a positive indication for narcotics at the other apartment doors or surrounding area.

       The issuing judge did not ask questions or express concerns regarding the warrant prior to signing.  The warrant was executed on February 27, 2013, commencing at 6:25 a.m.  A Glock handgun and other evidence was found and seized pursuant to the warrant.

       **DNA Search Warrant.**  On April 15, 2013, United States Magistrate Judge Janie Mayeron issued a warrant authorizing the seizure of a DNA sample from the person of Terrence Terrell Mathews (Hrg. Ex. 3).  The search and seizure warrant identified the object of the

warrant as a DNA sample to be seized via buccal cotton swab used to obtain saliva and skin cells.  The warrant was issued on the basis of information contained in the Affidavit of ATF Task Force Officer Jacob J. Coopet, wherein pertinent circumstances, including execution of the apartment search warrant, a post-arrest interview statement, and Mr. Mathews' criminal history were described, and it was stated that the known DNA sample was requested to allow comparison to any DNA profile to be obtained from a firearm that was recovered in the investigation in this matter.  The DNA warrant was executed and DNA samples were obtained by Detective Andrew Suerth on April 16, 2013.

**Interview.**  Brooklyn Park Police Officer Andrew Suerth met with the defendant in an interview room at the Brooklyn Park Jail at approximately 1:53 p.m. on February 27, 2013, for purposes of conducting an interview.  Defendant Terrence Mathews was in police custody at the time of the interview.  Officer Suerth read the Miranda rights advisory to the defendant from a preprinted card prior to questioning.  Mr. Mathews acknowledged being given the rights statement and he understood his rights.  Both the officer and the defendant were seated for the interview.  Officer Suerth was not carrying a firearm.  No promises or threats were made to induce the defendant's cooperation.  The defendant was not under the influence of drugs or alcohol and his responses were appropriate to the questions.  He did not ask that questioning cease or that he be allowed to consult with an attorney.  The interview was both audio and video recorded (Gov't Hrg. Ex. 1).

Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Apartment Search Warrant.**  Evidence seized pursuant to a warrant to search a

4

particularly identified apartment unit and assigned garages and storage areas in Brooklyn Park, Minnesota (Gov't Hrg. Ex. 2), was not unlawfully obtained in violation of the constitutional rights of defendant Terrence Terrell Mathews.  The residence search warrant was issued on February 25, 2013, and was based upon sufficient probable cause as stated in the Affidavit of Brooklyn Park Police Officer Andrew Suerth and as determined by Hennepin County District Court Judge Lloyd Zimmerman.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Franks Motion.**  The warrant to search a residence issued on February 25, 2013, stated sufficient evidence to establish probable cause to search the residence without regard to allegedly false evidence contained in the warrant affidavit and without reference to evidence regarding confidential informant credibility that might have been included in the affidavit.  Defendant Terrence Mathews is not entitled to a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978).  The evidence resulting from a positive canine alert to narcotics obtained from the common area of the apartment residence was sufficient to constitute probable cause for issuance of the warrant and this evidence is not diminished nor embellished by the credibility of the confidential informant.

Franks v. Delaware requires that a substantial preliminary showing be made in order to allow the court an opportunity to evaluate the significance of the offending evidence or omissions in light of the probable cause considered as a whole, and thereby determine whether a hearing is necessary at all.  United States v. Jacobs, 986 F.2d 1231, 1233-34 (8th Cir. 1993).  Defendant is required to show: (1)  that police added or omitted facts with intent to make the

5

affidavit misleading, or in reckless disregard of whether the affidavit thereby becomes misleading, and (2) that the affidavit, with evidence properly presented, would not have been sufficient to show probable cause. Id. at 1234 (citing United States v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986)). Hearing is not necessary if probable cause to issue a warrant exists without regard to the questioned evidence.

Defendant Terrence Terrell Mathews moved for a hearing pursuant to Franks v. Delaware based upon the contention that the affiant for a search warrant intentionally or recklessly misled the issuing judge by stating false information and omitting pertinent information in the warrant affidavit.[2] The search warrant was issued by Hennepin County District Court Judge Lloyd Zimmerman on February 25, 2013, on the basis of probable cause consisting of information provided by a confidential informant, and a positive indication for the odor of drugs USPCA by certified narcotics detector canine at the door of the subject apartment residence. The probable cause information was stated in the Affidavit of Brooklyn Park Police Officer Andrew Suerth.

---

[2] The defendant did not initially move for a Franks hearing, acknowledging that such a hearing was not warranted in light of a four-corners review of the warrant affidavit. However, at the hearing the government presented testimony directed towards establishing a good faith basis for upholding the lawfulness of the warrant. The court thereafter allowed the defendant to conduct limited inquiry into the substance of the CI information, and the suspected identity of the CI was ultimately revealed and confirmed to the defendant. The defendant is the father of one of the CI's children and the defendant continues to have an intimate, albeit contentious, relationship with the mother. At the initial suppression hearing the defendant challenged the warrant affidavit and suggested that further evidentiary hearing would be appropriate. The suppression hearing was therefore continued to allow defendant to consider whether further action, possibly a Franks hearing motion, would be requested. No such motion was immediately forthcoming and the court therefore ordered briefing on the existing suppression motions. In response, the defendant made the present motion for a Franks hearing. The court granted the motion for a hearing, indicating that additional testimony might be helpful to the court, but not expressly granting the motion for a Franks hearing. See footnote 1, supra.

The defendant argues that probable cause for the search warrant did not exist because the warrant affidavit contained misrepresentations regarding his involvement in the possession and distribution of controlled substances, including heroin, and his illegal possession of firearms.[3]  Specifically, it is asserted that information attributed to the CI was not provided to the affiant as stated in the affidavit.  Defendant also contends that the warrant improperly omitted pertinent information regarding the CI's credibility by failing to indicate and describe the nature of the relationship between the CI and Mr. Mathews.  Finally, the defendant insists that the dog sniff evidence was unlawfully obtained and therefore is not properly considered in establishing probable cause.

The court concludes that the positive indication for narcotics based upon the dog sniff was sufficient in itself to establish probable cause for issuance of the search warrant. United States v. Scott, 610 F.3d 1009, 1013 (8th Cir. 2010).  The defendant had no reasonable expectation of privacy extending into a common hallway of the apartment building.  The presence of police officers with a drug detection canine was not a violation of the defendant's Fourth Amendment rights, and evidence obtained by dog sniff was not unlawfully obtained. Defendant likens the apartment hallway to the front porch of a residence and argues that the common area is curtilage to which the resident's Fourth Amendment rights attach under Florida v. Jardines, __ U.S. __, 133 S.Ct. 1409, 1415 (2013) (a homeowner's front porch is curtilage of

---

[3] The CI initially came to Detective Suerth's attention after the CI reported the theft of her handgun to police.  The CI acknowledges that in the investigation of the matter she mentioned Mr. Mathews as a possible suspect in the theft.  The warrant affidavit did not make reference to the firearms theft and did not otherwise contain information that would clearly identify the CI to the defendant.  The stolen handgun was the same firearm seized in the execution of the search warrant now being considered.

the house which enjoys protection from search as part of the home itself for Fourth Amendment purposes). The court does not agree that the apartment hallway is curtilage to the home. Though the hall area is proximate to the apartment residence and is included within the structure, the hall is merely a passageway and it offers neither privacy from the view of neighbors nor a right to restrict another person's appropriate use of the hallway. See United States v. Dunn 480 U.S. 294, 301 (1987). There is no "generalized expectation of privacy in the common areas of an apartment building." United States v. Brooks, 645 F.3d 971, 976 (8th Cir. 2011) (quoting United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999). There is a clear qualitative distinction between the expectation of privacy to be enjoyed on the front porch of one's home and the protection from intrusion that may apply to a hallway in apartment building. The Fourth Amendment protection afforded under Jardines does not reach far enough to overrule United States v. Scott, 610 F.3d 1009, and Jardines does not render the dog sniff evidence in this matter unlawful for purposes of establishing probable cause.

Indeed, the two positive dog sniffs are the only concrete evidence cited in the warrant affidavit. Neither dog sniff was unlawful and the second dog sniff alone was sufficient to establish both a time and location nexus between unlawful activity and the apartment to be searched. The CI information that is the focus of the defendant's Franks argument may have alerted investigating officers to the possibility of unlawful activity taking place at the subject apartment, but the evidence is not critical to the probable cause assessment and deletion of the CI information from the warrant affidavit would not be fatal to probable cause. Similarly, in this instance the CI's personal relationship with the defendant is not critical probable cause evidence which was improperly omitted from the affidavit, and under the circumstances presented here,

the CI's motive for providing information to law enforcement is not material to probable cause because it does not affect the lawfulness of the dog sniff.

In this instance the court does not find that the warrant affidavit contained material misleading information or that the omission at issue was either made with intent to make the affidavit misleading or with reckless disregard as to whether the affidavit became misleading as a result of the omission.  Furthermore, the court finds that the affidavit would sufficiently state probable cause for issuance of the warrant even if the credibility information was included in the affidavit or allegedly misleading information was deleted.  The failure to describe the CI's relationship to the defendant and the current status of the relationship was substantially justified, because it was essentially identifying information that would have destroyed the informant's confidential status and could have placed the CI's safety at risk.  Upon consideration of the arguments and evidence presented with respect to the probable cause statement of the search warrant affidavit, the court finds that defendant has not made the substantial showing necessary to establish that he is entitled to relief under Franks v. Delaware. The motion for Franks hearing should be denied.

**Good Faith.**  The warrant to search the defendant's Brooklyn Park apartment residence issued on February 25, 2013, was executed by officers having a objective good faith reliance on the validity of the warrant, and the search was lawful.  There is no evidence that the issuing judge was intentionally or recklessly misled by false information in an affidavit; there is no suggestion that the judicial role was completely abandoned by the issuing judge; the indicia of probable cause in the affidavit is not insignificant; and the warrant is not facially deficient. United States v. Hessman, 369 F.3d 1016, 1020 (2004)(citing United States v. Leon, 468 U.S.

897, 923, 104 S.Ct. 3405 (1984).  The search warrant in this matter was lawfully issued and executed and there is no requirement for suppression of evidence seized pursuant to the warrant.

**DNA Warrant**  Evidence seized pursuant to a warrant to seize a DNA sample from the person of Terrence Terrell Mathews (Gov't Hrg. Ex. 3) was not unlawfully obtained in violation of the Fourth Amendment protection against unlawful search and seizure.  The warrant was issued on April 15, 2013, and was based upon sufficient probable cause as stated in the Affidavit of ATF Task Force Officer Jacob J. Coopet and as determined by United States Magistrate Judge Janie Mayeron.  The warrant affidavit properly and sufficiently identified the person and the subject of the seizure and stated a nexus between the object of the warrant and the alleged offense in this case by stating that a specified handgun was recovered in the search of defendant's residence, the defendant had acknowledged possession of the firearm, and the defendant was prohibited from possessing firearms based upon his criminal history.  Moreover, any evidence obtained pursuant to the warrant was not the fruit of an unlawful search or unlawfully obtained statements.  Maryland v. King, 133 S.Ct. 1958, 1980 (2013) (warrantless DNA seizure by buccal swab is a legitimate police booking procedure that is reasonable under the Fourth Amendment).  There is no requirement for suppression of DNA evidence seized from the defendant in this matter.

**Interview Statements.**  Defendant Terrence Terrell Mathews' recorded custodial interview statements to Brooklyn Park Police Officer Andrew Suerth pursuant to interview and

10

questioning at the Brooklyn Park Jail on February 27, 2013, (Gov't Hrg. Ex. 1),[4] were provided voluntarily and were not obtained in violation of the defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda. He was not subjected to force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel. Upon considering the totality of circumstances, including the defendant's maturity and prior experience with the criminal justice system, the court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning. Defendant Terrence Terrell Mathews' motion to suppress interview statements should be denied.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Terrence Terrell Mathews' Motion to Suppress Statements,

---

[4] Gov't Hrg. Ex. 1 is a DVD containing a video/audio recording of the interview. As indicated by the time counter on the DVD exhibit, the recording commenced (apparently by use of controls outside the room) at 1356 hours (2:56 p.m.); Officer Suerth and the defendant entered the room at 1358 hours; and the Miranda advisory was given at 1359 hours. At 1422 hours (2:22 p.m.) the officer turned on a handheld audio recorder, stating that the time was approximately 1415 hours. At 1433 hours the officer turned off the audio recorder, stating that the time was 1426 hours. The audio recording was approximately 11 minutes in duration and was entirely encompassed by the audio/video recording. The separate audio recording was not offered as an exhibit, and the purpose for the separate audio recording was not explained at the hearing. Also, the DVD contains a second audio/video recording of separate discussions between Officer Suerth and defendant Mathews that lasted approximately 11 minutes, commencing at 1837 hours on the same day, February 27, 2013. No testimony was presented at the hearing with regard to this second audio/video session.

Admissions and Answers be **denied** [Docket No. 20]; and

  2.  Defendant Terrence Terrell Mathews' Motion to Suppress Evidence Obtained as a Result Search and Seizure be **denied** [Docket No. 21].

  3.  Defendant Terrence Terrell Mathews' Motion for Hearing pursuant to <u>Franks v. Delaware</u> be **denied** [Docket No. 32].

Dated:     September 10, 2013

               s/Arthur J. Boylan
            Arthur J. Boylan
            United States Chief Magistrate Judge

  Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 24, 2013.

  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.